# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-372V
Filed: March 29, 2022
UNPUBLISHED

|  |  |
|---|---|
| JACOB BOOTH,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Influenza ("Flu") vaccine; Transverse myelitis ("TM"); Acute disseminated encephalomyelitis ("ADEM") |

*Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA,,* for petitioner.
*Mitchell Jones,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On March 9, 2018, petitioner's mother filed a claim on behalf of her minor child[2] under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered transverse myelitis ("TM") and acute disseminated encephalomyelitis ("ADEM") as a result of his September 28, 2015, influenza vaccination. (ECF No. 1.) This case was initially assigned to Special Master Moran. (ECF No. 4.) On September 10, 2018, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 16.) Subsequently petitioner filed expert reports from Dr. Kinsbourne and Dr. Gershwin. (ECF Nos. 35, 41.)

On August 27, 2019, this case was reassigned to my docket. (ECF No. 44.) Thereafter the parties filed additional rounds of expert reports. (ECF No. 47, 49, 50, 52,

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] On March 24, 2022, petitioner filed a Motion to Amend the Caption, as the minor on whose behalf the petition was filed, reached the age of majority. (ECF No. 72.) On March 24, 2022, petitioner's Motion was granted, substituting him as petitioner. (ECF No. 73.)

57, 59.)  On November 10, 2020, I held a status conference where I discussed several outstanding questions in this case.  (ECF No. 61.)  Subsequently both parties submitted a final round of expert reports.  (ECF No. 63, 66.)

On July 23, 2021, an entitlement hearing was scheduled to commence on December 15, 2022.  (ECF No. 71.)  However, on March 28, 2022, after reaching the age of majority and being substituted as petitioner, petitioner filed a Motion for a Decision Dismissing his Petition.  (ECF No. 74.)  Petitioner indicated that he "does not wish to pursue a claim in the Vaccine Injury Compensation Program."  (*Id*.)  Petitioner further stated that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him. He has been advised that such a judgment will end all of his rights in the Vaccine Program."  (*Id*.)  Petitioner represents that his motion is unopposed by respondent. (*Id*.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine.  See §§ 13(a)(1)(A) and 11(c)(1).  To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  Based on my review of the record compiled to date, petitioner has not supported the allegations of his petition by a preponderance of the evidence.

In light of all of the above, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing his Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner<br>
Daniel T. Horner<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.